(No. 21274.—

LeRoy B. Boylan, Plaintiff in Error, *vs.* Anna M. Boylan, Defendant in Error.

*Opinion filed June 24, 1932—Rehearing denied October 11, 1932.*

Socrates & Davis, (Nicholas A. Socrates, and Charles P. R. Macaulay, of counsel,) for plaintiff in error.

Barratt O'Hara, and Branko M. Steiner, for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

The plaintiff in error, LeRoy B. Boylan, filed a bill for divorce from his wife, Anna, in the superior court of Cook county on the ground of desertion. She answered the bill and filed a cross-bill for separate maintenance. The chancellor, upon a hearing, entered a decree of divorce on the complainant's bill and dismissed the cross-bill for want of equity but awarded the wife $80 a month alimony and $500 for her solicitor's fees in addition to what had been allowed previously. She sued out a writ of error from the Appellate Court, which reversed the decree and remanded the case to the superior court, with directions to dismiss the bill for want of equity, to give a new hearing to the issues on the cross-bill, and in the meantime to make provision for the payment of reasonable alimony and solicitor's fees to the cross-complainant. On the petition of the original complainant a writ of *certiorari* was awarded to bring the record before this court.

The defendant in error in the Appellate Court filed a plea of release of errors, averring that after the entry of

the decree the defendant received and accepted from the complainant the sum of $500 which the decree required the complainant to pay to her as solicitor's fees; that she received and appropriated that sum with knowledge of the purpose with which it was so paid and was received by her, and that she thereby confirmed the decree and released any and all errors in the entry of such decree. The plaintiff in error demurred to this plea and the Appellate Court sustained the demurrer. This action of the court has been assigned as error, and the first question to be determined is, therefore, the sufficiency of the plea.

The rule of law is well established that a party to a decree cannot avail himself of those parts of the decree which are beneficial to him and afterward prosecute a writ of error to reverse the part of the decree which is unfavorable to him. We have held this to be the law in numerous cases. (*Morgan* v. *Ladd,* 2 Gilm. 414; *Thomas* v. *Negus,* id. 700; *Holt* v. *Rees,* 46 Ill. 181; *Trapp* v. *Off,* 194 id. 287; *Schaeffer* v. *Ardery,* 238 id. 557; *Langher* v. *Glos,* 276 id. 342; *Fishburn* v. *Green,* 291 id. 350; *Hawkins* v. *County of Lake,* 302 id. 213; *Scott* v. *Scott,* 304 id. 267; *Gridley* v. *Wood,* 305 id. 376.) In *Holt* v. *Rees, supra,* in giving the reason of the rule, it is stated: "If a decree is to be reversed the parties should be placed *in statu quo.* It would be manifestly unjust to permit Clapp to take all the money the decree gives him and then speculate upon the possibilities of getting more by means of a writ of error. Suppose the decree should be reversed and on another hearing the court upon some new evidence should find due him a still smaller sum. This might easily happen. * * * But if paid into court under the pressure of a decree, and after a reversal of such decree it is ascertained by the court that its former decree was for too large a sum, the party having paid would be entitled to a restoration of the excess. * * * We are clearly of opinion that a party cannot accept money directed to be paid him by a

decree and then ask a reversal on the ground that it did not give him enough. His acceptance was a ratification."

The defendant in error here admits the rule is that a party to a decree cannot avail himself of the part of the decree favorable to him and appeal from another part unfavorable to him, but her counsel contend that there are exceptions to the rule and it does not apply where the parts of the decree are separate and independent and the receipt of a benefit from one part is not inconsistent with an appeal from another. Whatever may be the exception to the rule, if any, (and this we do not decide,) in this case the court in a single decree decided the merits of the whole case against the defendant in the circuit court, decreeing a divorce to the complainant, dismissing her cross-bill for want of equity, ordering $500 to be paid to her for additional solicitor's fees, and, her husband having voluntarily agreed to pay her $80 a month for her support and maintenance, ordering him to pay her that sum until further ordered. Counsel have argued at some length that it was within the power of the court to enter such a decree and they have cited statutes and decided cases to sustain such authority. They are undoubtedly right in this position. This was all in accordance with the Divorce act, section 15 of which authorizes the court to reserve the question of attorney's fees and suit money until the final hearing of the case and then to make such order with reference thereto as may seem just and equitable regardless of the disposition of the case, and section 18 of which provides that when a divorce shall be decreed the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just. The general rule is, that where a decree of divorce is granted to a husband because of the misconduct of the wife she will not be entitled to alimony. A court of equity, however, has power to award alimony

to the wife, under proper circumstances, even though the decree of divorce be given to the husband for the fault of the wife. (*Rybakowicz* v. *Rybakowicz,* 290 Ill. 550; *Deenis* v. *Deenis,* 79 id. 74.) The divorce, the alimony and the allowance to the wife for her solicitor's fees were all determined by the court at the final hearing and the adjudication of all was included in one decree; but, regardless of the disposition of the case, the court, though finding against her on the merits both on the bill and cross-bill, made such order in regard to the solicitor's fees and alimony as from the circumstances of the parties and nature of the case seemed fit, reasonable and just. This was within the power of the court, but it does not affect the right of the defendant to maintain a writ of error or to release that right. She had the right to sue out a writ of error to review the decree. So far as the bill and cross-bill were concerned the decree was against her in every particular but the order to pay her $500 was in her favor. The fact that it was made to her as additional solicitor's fees is not material. It was made to her personally. It could not be made to any other person. Her receipt of it was a valid discharge of the decree to that extent. By virtue of the decree she received the sum of $500, which was a financial benefit to her, and having accepted the benefit of the decree to that extent she released all errors that may have occurred in the rendition of the decree.

It is argued that, regardless of the reversal or affirmance of the decree, the chancellor having exercised his discretion regarding alimony and solicitor's fees in favor of the wife, that feature of the litigation was disposed of and adjudicated and could not be raised at any subsequent time. Manifestly, if the decree of divorce was reversed, the decree allowing solicitor's fees and alimony, which is a mere incident of the decree of divorce, must fall with it, and in such case the wife would have $500 of the husband's money to which she would not be entitled.

The Appellate Court erred in sustaining the demurrer to the plea of release of errors. Therefore its judgment is reversed and the cause is remanded to the Appellate Court for the First District, with directions to overrule the demurrer and to dismiss the writ of error.

*Reversed and remanded, with directions.*