Oscar Consaer, Plaintiff, v. John Wisniewski, Defendant.
Appeal of Louis D. Glanz, Appellant, v. George C. Peterson and Company et al., Appellees.

Gen. No. 39,633.

Opinion filed February 2, 1938. Rehearing denied February 18, 1938.

JACOB LEVY, of Chicago, for appellant; EDWARD MC-TIERNAN, of Chicago, of counsel.

KAMFNER, HALLIGAN & MARKS, of Chicago, for appellee Frank Lynn; EDWIN A. HALLIGAN and SAMUEL M. LANOFF, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Louis D. Glanz, trustee, and plaintiff herein, brings this appeal from an order entered in the circuit court allowing certain bills for supplies as liens upon certain real estate more than 15 months after a sale of the real

estate in question under a foreclosure decree. These bills were incurred by the receiver in the operation of a building. Plaintiff contends the court erred in allowing certain compensation to the receiver and his attorney, as specified.

On October 11, 1934, a decree of foreclosure and sale was entered in this case and on March 7, 1935, the master's sale was approved. During all this time a receiver was, on motion of plaintiff, in possession of the premises. On October 15, 1936, an order was entered that the claims of certain supply creditors be made first and prior liens, on a parity with each other, against said premises in question, and on November 27, 1936, an order was entered, overruling the objections to the final account and report of the receiver, and allowing the claims for supplies furnished the receiver and also the receiver's fees in the sum of $275, and the attorney for the receiver $100 as fees, and making the same a lien against said premises.

Plaintiff contends there is nothing in the record to justify the court's action in allowing fees to the receiver and his attorney, and that the court erred in allowing the claims of supply creditors to be made first and prior liens on the real estate and in allowing receiver's fees and receiver's attorney's fees.

Defendant contends that the court was justified in entering the order of October 15, 1936, making the claims of supply creditors first and prior liens on the real estate, and in allowing fees of $275 to the receiver, and fees of $100 to the attorney for the receiver.

Defendant also contends that the attorney for plaintiff gave his consent to the order entered on October 15, 1936, making the claims of the supply creditors a prior lien on the real estate and, therefore, said order is not subject to review by appeal.

Turning to the additional abstract we find the following:

"The Court: Is there any objection?

"Mr. Jacob Levy: No it is agreeable that an order be entered allowing the supply creditor's claims as long as the ninety (90) day period appears in the order.

"Mr. Kabaker: Yes, the ninety (90) day period appears in the last paragraph of this order."

In the case of *Bergman v. Rhodes,* 334 Ill. 137, the court in deciding this issue said at page 142: "Parties who are competent to contract may agree to the rendition of a decree in respect to any right which may be the subject of litigation. When such a decree is entered it is a decree by consent. As a general rule, such a decree should show upon its face that it was entered by consent, (5 Ency. of Pl. & Pr. 961,) but it has been held by this court that such a showing in the decree is not indispensable and that an agreement may be shown by other evidence which does not contradict the record but is consistent with it. (*Krieger v. Krieger,* 221 Ill. 479; *Armstrong v. Cooper,* 11 id. 540.) The last case is one of the leading cases in this State and has been referred to and followed by this court on several occasions. In that case an agreement was made between counsel representing the respective parties that certain amendments should be made to the bill and the complainant should be permitted to take a decree under the bill as amended. It was held that the decree taken was a consent decree, and such consent could be shown by evidence which did not contradict the record. A consent decree is not a judicial determination of the rights of the parties. It does not purport to represent the judgment of the court but merely records the agreement of the parties. A decree so entered by consent

can not be reviewed by appeal or writ of error. (*Paine v. Doughty,* 251 Ill. 396; *Galway v. Galway,* 231 id. 217.) It can only be set aside by an original bill in the nature of a bill of review. (*Hohenadel v. Steele,* 237 Ill. 229.) In *Hungarian Benevolent Society v. Aid Society,* 283 Ill. 99, it was held that where neither party objected to a master's report, a decree in accordance with the master's finding, which was approved before entry by the O. K. and signature of counsel for both sides, became a consent decree; that where an attorney is the counsel of record for a client, his agreement in the conduct and management of the litigation must be considered as the agreement of his client, and if any of his acts are without sufficient authority as between him and his client the remedy of the client is against the counsel.''

The order of October 15, 1936, so far as its terms purport, is therefore a consent decree and is not subject to review by appeal or writ of error.

As to the other claims, there is nothing in the record to show the receiver was not employed during the period for which he was paid, or that the compensation he received was excessive. The same applies to counsel for the receiver.

Counsel for plaintiff-appellant contends that the court committed error in allowing the receiver's and solicitor's fees and other expenses of the receiver after the master's sale. Evidence was heard by the court as to the services of the receiver and was considered both as to the extent and value of such services and expenses. The receiver was appointed on motion of the plaintiff at the time of the commencement of the suit and again such appointment was approved and continued on motion of plaintiff at the time of the report of sale by the master. At that time the said receiver was ordered to remain in possession of the said premises until the further order of the court.

The plaintiff was the purchaser at the master's sale and later at the expiration of the statutory period of redemption the said plaintiff received the master's deed. There was no question presented as to the rights of an innocent third party. Plaintiff having caused the employment of the receiver, he should now be estopped to question the retention of the receiver in possession of the premises or the payment to him of reasonable fees and expenses. We think the court properly made the allowance for fees and expenses and also the charges of supply men as well as such fees for liens on the premises.

As this court said in the case of *Neuffer v. Chicago Trust Co.,* 284 Ill. App. 247, 254: ''The intervener not being an innocent purchaser, but having bid in the property for the benefit of the bondholders, it was proper to decree that the amount of unpaid bills incurred in the preservation of the property be a lien on the property. *Knickerbocker v. McKindley Coal Co.,* 172 Ill. 535.'' See also *Pittsburgh Plate Glass Co. v. Kransz,* 291 Ill. 84; and *Driever v. Shephard,* 259 Ill. App. 239.

For the reasons herein given the action of the chancellor is approved and the decretal orders of the circuit court are affirmed.

*Decretal order affirmed.*

HEBEL, P. J., and HALL, J., concur.