City of Kankakee, Appellee, v. Sam Lang, Appellant.

Gen. No. 9,952.

Opinion filed April 27, 1944.

John H. Beckers, of Kankakee, for appellant.

Victor N. Cardosi, City Attorney, and Wayne H. Dyer and Frank Curran, both of Kankakee, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

The City of Kankakee filed a complaint in the circuit court, of Kankakee county, Illinois, alleging that a certain two story frame building located at 842 S. Main St. in the City of Kankakee and owned by one Selma Epstein, of Chicago, was being used by the defendant Sam Lang as a place of storage for scrap

paper, rags, old batteries, bottles, glass, broken bottles and other junk contrary to the provisions of the zoning ordinance of the City of Kankakee.

The defendant filed his answer admitting the allegations of the complaint, but denying that the purpose for which said building was alleged to be used violated said ordinance.

The appellee City thereafter filed an amendment to the complaint, alleging that the building upon said premises was in a dangerous and hazardous condition because of age and lack of repair, weakness of structure, and lack of plastering and constituted a dangerous fire hazard because the contents of said building consisted of inflammable materials which were stored in a haphazard manner within said building, and contrary to the ordinances of the City.

It further alleged that the building was especially susceptible to fire, because the plaster on the walls and ceilings was of great age, and a great part was loose and some had fallen from the laths; that the sheathing was in a state of disrepair; that the studs were rotted and the collar beams were of weak construction and not in sufficient number and the joists were not of sufficient strength; that the cornice was missing; that the building was of balloon construction with studding running from the basement to the roof without firestops.

The amendment to the complaint then realleges the nature of the contents of said building as set forth in the original complaint. It further alleges that the contents of said building were inflammable and combustible and endangered the safety of said building and was dangerous to persons and adjoining property. It further alleges that the chief of fire department of the appellee had ordered the defendant, Sam Lang, to make repairs and remove the contents of said building, and that he was afterwards fined, in the county court of Kankakee county for failure to comply with said

order. It also charges that the maintenance of said building in its present condition and the use of said building as a place of storage for junk was a nuisance.

The amended complaint prayed that the defendant, Sam Lang, be ordered by an injunction, to place said building in a safe condition, to make repairs to the roof, studs, sheathing, walls, plaster and chimney as may be necessary to place said building in a safe condition and prevent it from being a hazard by fire, and that he be further ordered and restrained from using said building for the storage of loose papers, kindling wood, boxes, cartons and inflammable materials, and prevented from using said building for the storage of excess amounts of auto parts, machinery, scrap iron, junk, etc., and also prayed for general relief.

The defendant failed to file an answer to the amended complaint. On August 13, 1943, the appearance of A. W. DeSelm as attorney for the defendant, was entered and on motion of plaintiff, the defendant was defaulted for want of an answer and a default decree was entered.

The decree finds that there was personal service on the defendant, Sam Lang, and that he had failed to answer the amended complaint as required by a rule of court entered on July 26, 1943, and a default was ordered; that Sam Lang was for 10 years and now is, in possession and control of the premises and he is now the owner thereof. The decree then finds the facts to be in accordance with those charged in the petition, and said conditions are a menace to public safety and health and constitute a public nuisance which should be abated.

The decree then orders that an injunction should issue forthwith, restraining the defendant from using the building in manner complained of. It also orders him to repair the building in conformity with the ordinances of the City of Kankakee. At the conclusion

of the decree, we find the following: "O. K; A. W. DeSelm."

On September 3, 1943, the defendant, by his attorney, John H. Beckers, filed a sworn petition requesting an extension of time within which to comply with said decree. On September 24, 1943, the City of Kankakee made a motion to strike said petition. Before this motion was passed upon by the trial court, the defendant, on October 21, 1943, filed a verified petition to vacate and set aside the decree of August 13, 1943, and to dissolve the injunction.

This petition alleges that the building code of the City of Kankakee is so indefinite and uncertain that it is void and the defendant is unable to understand the provisions of said code; that since the entering of said decree, the defendant has removed a great amount of the objectionable matter from the building in question; that said decree and writ of injunction are so vague, indefinite and uncertain in terms, that the defendant is unable to determine what repairs he has to make on said building; that the ordinances of the City of Kankakee are illegal and void; that the decree leaves the question of the nature, kind, extent and sufficiency of repairs to be made to the whims, discretion and prejudice of the building inspector of the City of Kankakee.

The petition further alleges that the defendant has applied to the O. P. A. office in the City of Kankakee to get proper blanks which are necessary to obtain a priority rating on building materials and labor necessary to repair and to improve said building; that he will immediately fill out an application for a priority order and mail the same to the O. P. A. office as directed, as soon as received, but at the time of the filing of said petition, he had received no reply to his application; that he attached to said application a copy of the decree granting the injunction; that without such priority rating the petitioner cannot proceed to

make any repairs on said building, as it is impossible for him to get materials and labor to make such repairs.

The petition asks the court to vacate the decree and dissolve the writ, or in the alternative, to grant to the petitioner an extension of time until after the duration of the present war to make the repairs to said building. The court denied the prayer of the petition and fixed the appeal bond at five thousand dollars. On November 4, 1943, the appellant, Sam Lang, filed his notice of appeal from the decree of injunction as entered on August 13, 1943, and from the order of October 28, 1943.

The errors relied upon for reversal in this court are as follows: "The decree of the court granting said injunction is so vague, indefinite and uncertain that the same is void.

"Sections 14 and 15 of the Building Code are the only ordinances regulating the repair of buildings within the fire limits of the City of Kankakee, and said sections and each of them, are void because they delegate legislative authority to the Building Inspector without setting out any standards to determine the action of said Building Inspector.

"Said sections and each of them are void because they leave the question of the nature, kind, extent and sufficiency of the repairs to be made to the building in question to the whims, discretion and prejudices of the Building Inspector.

"The decree is defective and should be reversed because the original complaint and the amended complaint both allege that the building in question is owned by one Selma Epstein of Chicago and that the appellant is in the possession of and in the control of said building, and there is no allegation in the complaint as amended that the defendant, Sam Lang, was under any obligation to repair said building, whereas, the decree finds that the defendant, Sam Lang, is the

owner of said building and orders him as such owner to repair said building.

"The court erred in refusing to vacate said decree and to quash the injunction writ.

"The court erred in refusing to grant to the appellant an extension of time until after the duration of the present war to make repairs to said building.

"The decree and the order refusing to vacate the same are contrary to the law."

As before stated, the decree was approved by the Honorable A. W. DeSelm, an attorney who entered his appearance, and represented the defendant in the original injunction suit. This is a consent decree. In the case of *Bergman v. Rhodes,* 334 Ill. 137, our Supreme Court, in discussing the law relative to a consent decree, on page 143 there states as follows: "A decree so entered by consent cannot be reviewed by appeal or writ of error. (*Paine v. Doughty,* 251 Ill. 396; *Galway v. Galway,* 231 id. 217.) It can only be set aside by an original bill in the nature of a bill of review. (*Hohenadel v. Steele,* 237 Ill. 229.) In *Hungarian Benevolent Society v. Aid Society,* 283 Ill. 99, it was held that where neither party objected to a master's report, a decree in accordance with the master's finding, which was approved before entry by the 'O.K.' and signature of counsel for both sides, became a consent decree; that where an attorney is the counsel of record for a client, his agreement in the conduct and management of the litigation must be considered as the agreement of his client, and if any of his acts are without sufficient authority as between him and his client the remedy of the client is against the counsel."

In the case of *American Tar Products Co. v. Bradner Smith & Co.,* 238 Ill. App. 151, we stated that a consent decree is like a written contract and should be enforced as written. The same ruling was announced by the Appellate Court of the first district

in the case of *Consaer v. Wisniewski*, 293 Ill. App. 529. Since the decree in the present case was approved by the attorney of record for the defendant, he has waived his right to question it by appeal, either as to form or substance. The decree of the trial court is affirmed.

*Affirmed.*