**Alfred E. Kissin, Plaintiff-Appellee, v. Helen L. Kissin, Defendant-Appellant.**

**Gen. No. 48,106.**

First District, Second Division.
February 21, 1961.
Rehearing denied March 21, 1961.

Epton, Scott, McCarthy & Bohling, of Chicago (Bernard E. Epton and Alfred S. Druth, of counsel) for appellant.

Jacob N. Gross, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal by the defendant from a decree of divorce entered on December 23, 1959 by the court below on the verdicts of the jury. On June 23, 1960, the plaintiff filed his motion to dismiss this appeal on the ground of release of errors by the defendant's acceptance of the benefits of the decree from which she prosecutes this appeal. The motion was taken with the case.

The decree of divorce contains the following:

"2. That the plaintiff shall convey by quit-claim deed, to the defendant, all of his right, title and interest in and to the premises located at 801 Ridge Terrace, Evanston, Illinois, legally described as follows:

127

[legal description]

and that the defendant shall have the said property subject to any unpaid taxes or penalties or assessments.

. . .

10. That the plaintiff shall pay to the defendant the sum of Six Thousand Dollars ($6,000.00) in full for her share of the bonds held by the plaintiff and described in the answers to the interrogatories filed herein; that in the event bonds other than those described in the answers to the interrogatories are produced or found, the said bonds will be divided equally between the parties hereto, and this Court retains jurisdiction in questions relative to any bonds which have yet not been produced."

In the plaintiff's affidavit in support of his motion to dismiss the appeal, the affiant says that on or about December 23, 1959, he executed the quit-claim deed to the premises to his wife and delivered the deed and a check for $6,000.00 to his attorneys. He further swore that his attorneys delivered the deed and the check to an Albert Koretzky, who was acting on behalf of Roy S. Lasswell, the attorney for Helen L. Kissin. The affiant further says that at no time since has Mrs. Kissin or anyone acting on her behalf tendered or offered to tender the said deed or check. Attached to the affidavit, and incorporated by reference to it, is a receipt, dated December 23, 1959, acknowledging the quit-claim deed and the check for $6,000.00. The receipt is signed by Albert Koretzky, for Roy S. Lasswell, attorney for Helen L. Kissin.

In the defendant's objection to the motion, she states that Attorney Lasswell was discharged as of December 23, 1959. There is nothing to substantiate this assertion. It appears from the record that Attorney Lasswell was the attorney of record at the date of the decree. The defendant's motion to discontinue Lasswell as her attorney was dated January 12, 1960.

The decree also provided:

"16. That the plaintiff shall pay to Roy S. Lasswell, the sum of Eighteen Hundred Fifty Dollars ($1850.00) in full for services rendered to the defendant herein, immediately upon the entry of this Decree, and the Court finds that the said sum has been paid in open Court.

17. That the plaintiff shall pay to Davis, Boyden, Jones & Baer, the sum of Five Hundred Dollars ($500.00) in full satisfaction of the amount awarded them, and the Court finds that the said sum has been paid in open Court.

18. That the plaintiff shall pay to Gerber & Starr, the sum of Five Hundred Dollars ($500.-00) for their services herein as attorneys for the defendant, and the Court finds that the said sum has been paid in open Court.

19. That the plaintiff shall pay to Zlatnik, Gaines & Boyer, the sum of Five Hundred Dollars ($500.00) for their services herein as attorneys for the defendant, and the Court finds that the said sum has been paid in open Court."

A review of the record discloses that the fees awarded to the defendant's attorneys were awarded under the authority of section 15 of the Divorce Act (Ch. 40, sec. 16, Ill. Rev. Stat.). That statute provides:

129

"In all cases of divorce the court at any time after service of summons and proper notice to the husband or wife may require the husband to pay to the wife or pay into court for her use . . . during the pendency of the suit such sum or sums of money as may enable her or him to maintain or defend the suit; . . . The Court may, in its discretion reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case and may then make such order with reference thereto as may seem just and equitable, regardless of the disposition of the case. . . . In all actions for divorce in which the court grants to the wife or husband, as the case may be, attorney's fees in the prosecution or defense of the action, as the case may be, such fees may, in the discretion of the court, be made payable in whole or in part, to the attorney entitled thereto, and judgment may be entered and execution levied accordingly."

■ It appears that out of the seven law firms representing the defendant at the various stages of the case, all of them were the duly appointed attorneys of record for the defendant to defend this law suit.

"The rule of law is well established that a party to a decree cannot avail himself of those parts of the decree which are beneficial to him and afterward prosecute a writ of error to reverse the part of the decree which is unfavorable to him. We have held this to be the law in numerous cases [citing cases]." Boylan v. Boylan, 349 Ill. 471, 473, 182 N. E. 614.

■ The defendant in the case at bar has refused to make restitution for any of the benefits received under the decree. Under the circumstances of this case,

130

her conduct in accepting the quit-claim deed, the $6,000.00 and the payment of the attorneys' fees amounts to an acceptance of the benefits of the decree and is a release of errors.

The appeal is hereby dismissed.

BURKE, P. J. and FRIEND, J., concur.