JANVIER, Judge.
On October 10, 1960, plaintiff-appellee obtained from the Civil District Court for the Parish of Orleans a judgment of divorce from his wife. The judgment was signed on October 17, 1960. On November 10, 1960, defendant obtained an order granting her a devolutive appeal returnable to this Court on January 5, 1961. The record of appeal was duly filed in due course.
Appellee moves to dismiss the appeal on the ground that defendant-appellant had acquiesced in the judgment of divorce by marrying another person and that, therefore, she cannot proceed with her appeal. In the motion to dismiss the appeal, appel-lee directs attention to our Code of Civil Procedure, Article 2085, LSA-C.C.P.
Appellee filed with the motion to dismiss the appeal a certified copy of a marriage certificate showing that on October 29, 1960, the appellant had married another person in Washoe County, State of Nevada. In answer to the motion to dismiss the appeal, appellant admits that she has been remarried to another person as shown in the motion to dismiss, but she opposes the dismissal on the ground that the divorce was granted on allegations which reflect on her character and reputation and that she, therefore, should be permitted to prosecute the appeal in an effort to show that those charges were false. Those are matters with which we cannot be concerned. There has been a voluntary acquiescence in the judgment of divorce and the dismissal of the appeal necessarily follows.
In Barraco v. Barraco, 173 La. 81, 136 So. 95, there was judgment of divorce in favor of the wife. The husband appealed, and, while the matter was pending on appeal, the appellant married another person. On motion to dismiss the appeal on the ground of acquiescence, the appeal was dismissed.
If this appeal could be proceeded with and if a reversal of the judgment of divorce should result, appellant would be placed in the position of a bigamist, since the first marriage would still have been in effect when the second marriage was entered into. Such a situation was noted by the Supreme Court in State ex rel. Hahn v. King, 109 La. 161, 33 So. 121, 125, in which the Court said:
“ * * * We refer to the fact of relator’s having contracted a second marriage under the circumstances shown. He could only have done this under authority of the judgment of divorce granted to his wife. He should come into court with clean hands, and he cannot take a position in this case which would place him before us in the position of a bigamist.”
The appeal is dismissed at the cost of appellant.
Appeal dismissed.