LIBBY KATZ, Plaintiff-Appellee, *v.* LEONARD KATZ, Defendant-Appellant.

(No. 56767;

First District (1st Division)—February 5, 1973.

Robert E. Pfaff, of Chicago, (Jenner & Block, of counsel,) for appellant.

Burton R. Abrams, of Chicago, (Harry G. Fins, of counsel,) for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

A decree was entered granting plaintiff a divorce and ordering, *inter alia,* that the parties equally divide certain United States Series H savings bonds then in the possession of the defendant. Appeal is taken by defendant only from that portion of the decree relating to the division of the Series H bonds.

Plaintiff alleged that throughout the marriage she had assisted the defendant in acquiring real and personal property which stood in the names of both parties and in defendant's name alone, and that there exists other assets unknown to plaintiff, all in which she is entitled to an interest.

Plaintiff specifically testified that at the outset of the marriage she contributed $2000 toward the defendant's business, but that she did not contribute financially to any of the assets owned by the parties at the time of trial. No further testimony was elicited relative to the ownership of the Series H bonds.

Defendant contends that the plaintiff is not entitled to one-half interest for two reasons: 1. No prayer for relief relating to the Series H bonds was set forth in the complaint. 2. The plaintiff failed to allege and prove that she had special equities in the property. Since we agree with the defendant for the second reason ascribed, it is unnecessary to discuss the first.

■■ Section 17 of the Divorce Act provides that, if it appears to the court that either party to a divorce action holds title to property equitably belonging to the other, the court may compel conveyance thereof to the other party. (Ill. Rev. Stat., ch. 40, par. 18.) Special equities in that property, however, must be pleaded and proved by the party claiming them.

In the recent case of *Debrey v. Debrey,* 132 Ill.App.2d 1072, 270 N.E.2d 43, the plaintiff alleged no special equities in stock held in her husband's name, but the trial court nevertheless ordered the husband to transfer the title to plaintiff. In reversing that part of the decree, the court on review stated at page 44:

"We do not deem it even debatable but that in order to invoke the provisions of § 17 for a conveyance of property, it is necessary for the plaintiff to allege *and* prove by evidence or admissions special circumstances or equities warranting such a result." (Emphasis by Court.)

Plaintiff's own testimony clearly shows she did not contribute to the acquisition of the Series H bonds. See *Everett v. Everett*, 25 Ill.2d 342, 185 N.E.2d 201.

■■ Plaintiff's cases cited in support of her position that the court in the instant case was empowered to grant the relief by virtue of the constitutional elimination of distinctions between law powers and equity powers are not in point. In *Chrysler Credit Corporation v. M. C. R. Leasing Co.*, 114 Ill.App.2d 43, 251 N.E.2d 648, the court held that it was proper in a replevin action to enter an injunction in order to aid in arriving at a correct determination of the case. *Chrysler* involved a question of jurisdiction, whereas the instant case concerns a question of the court's granting relief which was not supported by evidence.

In *Douglas v. Papierz*, 121 Ill.App.2d 242, 257 N.E.2d 570, the question was whether an adjudication in a mechanic's lien foreclosure suit was *res judicata* in a contract action where the allegations in the bills of particulars were identical in both cases.

The case of *In re Estate of Garrett*, 81 Ill.App.2d 141, 224 N.E.2d 654, cited by the plaintiff, supports the defendant's position. The trial judge ordered an accounting in a citation petition. The reviewing court stated that the same court had jurisdiction over citation proceedings and suits for accounting, but because no pleading asked for an accounting the trial court could not grant one.

■■ Plaintiff-appellee's contention that the defendant is barred from appealing the judgment because he has accepted benefits thereunder is unavailing. Generally, where a party accepts the benefits of a judgment, he will not be allowed to appeal from those portions thereof which are unfavorable to him.

In *Boylan v. Boylan*, 349 Ill. 471, 182 N.E. 614, a divorce was granted which allowed the wife monthly alimony and attorney fees. The wife accepted the alimony and attorney fees from the husband but appealed the denial of a divorce on her cross-complaint. In dismissing the appeal, the court on review held that the wife accepted the alimony and attorney fees and, therefore, in the event of a reversal on appeal, she would have had no way of refunding those payments to the husband.

Likewise, in *Kissin v. Kissin*, 29 Ill.App.2d 126, 172 N.E.2d 635, the court held that, because the wife accepted a deed and money from the husband for title to the marital home and for her interest in bonds, re-

spectively, and because she did not tender or offer to tender those matters to the husband upon her filing of the appeal, she could not therefore appeal the decree.

■■ What is required in cases where an appellant is estopped from appealing a judgment in such circumstances is that the other party would be put to a "distinct disadvantage" if the matter is reversed on the appeal. Thus, in *Hancox v. Hancox*, 54 Ill.App.2d 476, 203 N.E.2d 613, the court held that there would be no "distinct disadvantage" to the husband where the wife appealed a decree of divorce after accepting her admitted share of a joint savings account and after her attorneys had received their fee; the court stated that there was no dispute as to either matter.

See also *Lemon v. Lemon*, 14 Ill.2d 15, 150 N.E.2d 608; *O'Connor v. O'Connor*, 253 Ind. 295, 253 N.E.2d 250, at 252; 29 ALR 3d 1179, *et seq.*

■■ In the present case, there is no evidence that defendant has accepted any benefits of the judgment for divorce. The plaintiff makes the general argument that defendant has acquired property benefits by the judgment, but such contention is not supported by the record. Defendant received nothing by the judgment that he did not have before the judgment was entered. All property held in joint tenancy was to be divided and held by the parties in tenancy in common. The judgment gave defendant control and management of all realty and control of his currency exchange business, which powers he had prior to the judgment. The fact that defendant accepted $2000 from plaintiff at the start of the marriage has no bearing on his acceptance or nonacceptance of the benefits of the judgment for divorce entered some thirty years later. Plaintiff also argues that defendant was benefited by the court's order upon him to turn over $22,000 worth of Series H bonds to plaintiff, rather than to divide up his business interests and other such holdings. This argument again begs the question of whether defendant accepted any actual benefits granted by the judgment.

■■ A final matter raised by the plaintiff-appellee is that defendant is barred from appealing the judgment because it is a consent judgment. We disagree.

In *Taylor v. Bukowski*, 19 Ill.2d 586, 169 N.E.2d 89, the court stated that trial counsel's initialing the decree "O.K." in response to the trial court's request for approval as to form did not render the decree a consent decree.

In the instant case, the signatures of trial counsel follow the clear notation "Approved as to form" on the Judgment for Divorce.

The cases cited by plaintiff in support of her contention in this regard all deal with outright consent decrees, all of which were expressly agreed to by the parties, rendering them unappealable: see *Bergman v. Rhodes*,

334 Ill. 137, 165 N.E. 598; *Consaer v. Wisniewski,* 293 Ill.App. 529, 13 N.E.2d 93; *Sims v. Powell,* 390 Ill. 610, 62 N.E.2d 456; *First National Bank of Chicago v. Whitlock,* 327 Ill.App. 127, 63 N.E.2d 659; *Chicago and Vicinity Hungarian Benevolent Society v. Chicago and Suburb Hungarian Aid Society,* 283 Ill. 99, 118 N.E. 1012; *Woodlawn Union Baptist Church v. Martin,* 306 Ill.App. 263, 28 N.E.2d 349; *City of Kankakee v. Lang,* 323 Ill.App. 14, 54 N.E.2d 605.

■■ For these reasons, "Paragraph F" of the "Judgment for Divorce," ordering a division between the parties of the United States Series H bonds, is reversed.

Judgment reversed in part.

BURKE, P. J., and GOLDBERG, J., concur.