(No. 16567.—Reversed in part and remanded.)
Valeria Soltysik, Appellant, *vs.* Kasimir Soltysik, Appellee.

*Opinion filed April 24, 1925—Rehearing denied June 9, 1925.*

1. Equity—*allowing amendments in chancery rests in discretion of the court.* While courts should always be liberal in their allowance of amendments to the end that justice may be done, the allowance of amendments in a chancery suit is largely within the discretion of the trial court, and a court of review will not reverse for refusal to allow an amendment unless a manifest abuse of such discretion is shown.

2. Same—*court having jurisdiction will retain it to do complete justice.* Where there is any ground of equitable jurisdiction, a court having acquired such jurisdiction will retain the case to do complete justice between the parties.

3. Divorce—*when a motion to amend bill and ask for separate maintenance may be denied.* In an action by a wife for divorce, where the husband has answered making charges against the wife, a motion of the complainant to change the action from divorce to separate maintenance may properly be denied when not made until after the chancellor has announced his decision on the merits of the divorce case.

4. Same—*when real property should be divided between parties—rents.* In an action for divorce, property held in the name of one of the parties which has been accumulated by the joint efforts of the two or by the funds of both will be divided according to such equity as exists between them; but where no books of account are kept, the party in whose name the property stands should not be required to account for rents which prior to the decree are devoted to making repairs, payment of taxes and upon a mortgage indebtedness.

Appeal from the Circuit Court of Cook county; the Hon. George Fred Rush, Judge, presiding.

JACOB LEVY, for appellant.

GEORGE M. BAGBY, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

January 26, 1923, appellant filed a bill for divorce in the circuit court of Cook county against appellee, charging him with habitual drunkenness for the space of two years and upwards and extreme and repeated cruelty. The bill also alleged that she was the owner of two improved lots in the city of Chicago in which appellee had an inchoate right of dower, and prayed for the dissolution of the marriage, the custody of their three minor children, and that appellee be directed to convey all of his interest, including dower, in said real estate to appellant. Appellee filed an answer and a cross-bill, in which he denied the allegations of habitual drunkenness and extreme and repeated cruelty and made counter-allegations of cruelty against appellant. The cross-bill alleged that the real estate in question was purchased by money earned by him and that the title was taken in the name of appellant at her request and alleged that he was entitled to an undivided one-half interest therein. The cause was heard by the court and a decree entered dissolving the marriage, giving to appellant the care, custody and control of the three minor children, and ordering appellee to pay appellant the sum of $45 a month as alimony for the maintenance and support of the minor children. The decree also found that the real estate in question was acquired by the joint efforts of both of the parties and purchased with the funds of both of them, and ordered appellant to execute and deliver immediately a quit-claim deed to one-half of the premises, and in the event she should fail or refuse to execute the deed, that a master in chancery of the court execute the deed in her name and deliver the same to appellee. The decree further provided that appellant should account to appellee for one-half of the in-

come from the real estate from the first day of January, 1923, to the date of the entry of the decree. From this decree appellant has perfected an appeal to this court.

After the decision of the case by the court, and before the entry of the decree, appellant moved the court for leave to amend the bill of complaint and change its prayer from that for divorce to separate maintenance, which motion was by the court denied, and it is contended by appellant that the court erred in so doing. While courts should always be liberal in their allowance of amendments, to the end that justice may be done, the allowance of amendments in a chancery suit is largely within the discretion of the trial court, and a court of review will not reverse for refusal to allow an amendment unless a manifest abuse of such discretion is shown. (*Hoerrmann* v. *Wabash Railway Co.* 309 Ill. 524; *Walker* v. *Struthers,* 273 id. 387.) The motion to amend and change the action from divorce to separate maintenance was not made until after the chancellor had announced his decision on the merits of the case, and its denial was not a manifest abuse of the discretion vested in the court.

It is contended by appellant that appellee having failed respecting the grounds alleged for divorce, the court was without jurisdiction, upon his cross-bill, to enter a decree dividing the real estate between the husband and the wife and requiring the wife to account for rent. Where there is any ground of equity jurisdiction, a court of equity having acquired equitable jurisdiction to grant equitable relief will retain the case to do complete justice between the parties. (*Baker* v. *Salzenstein,* 314 Ill. 226.) In divorce cases, in settling property rights and decreeing alimony the first question for consideration is the equitable rights of the parties in the property held and owned by them. If there is property held by one of them which has been accumulated by the joint efforts of the two or by the funds of both, then such property should be divided according to

such equity as exists between them. While in the present case each of the parties claims that the property in question was purchased by their individual funds, yet the evidence shows that both parties after their marriage worked and contributed materially to the funds with which the property was purchased. No books of account were kept but the earnings of each went into a common fund, which was used for the support of the family and in making payments for the real estate. The chancellor saw and heard the witnesses, and we are not disposed to set aside his decree giving to each of the parties a one-half interest in the premises.

The evidence shows that on January 1, 1923, appellee deserted his home and that thereafter appellant collected the rent from the premises, which were a flat-building, in which appellant and her children continued to reside. The rents were largely devoted to the making of repairs, the payment of taxes, payments upon a mortgage indebtedness and the support and maintenance of appellant and the three minor children. No books of account were kept by either party and appellant has no means of making an itemized account of her receipts and expenditures. Under the particular circumstances of this case we are of the opinion that it would be inequitable to require her to account to appellee for one-half of the rents prior to the date of the rendition of the decree, especially as appellee did not pray for such accounting in his cross-bill but that she should account to him for one-half of the rents from the time of the entry of the decree.

The decree of the circuit court is affirmed in part and reversed in part and remanded to the circuit court of Cook county, with directions to modify the decree with reference to the accounting for rents in accordance with the views herein expressed.          *Reversed in part and remanded.*