## Ella Stuckek, Appellee, v. Rudolph Stuckek, Appellant.

Opinion filed July 16, 1928.

J. E. CARR, for appellant.

GEORGE B. WHITE, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On June 4, 1924, Ella Stuckek, the appellee, in the Williamson county circuit court filed her bill for divorce from Rudolph Stuckek, the appellant. The bill charges the appellant with extreme and repeated cruelty, and other statutory causes for divorce. The bill alleges that the parties were married on July 5, 1920, and ceased to live together as husband and wife on February 15, 1924, due to the misconduct of the appellant. The allegations of the bill relative to the property owned by the appellant and the amount and source of his income were substantially as follows: That appellant owns jointly with appellee a house and lot in the city of Johnston City, Illinois, of the value of $1,800, and that he possesses in his own right money to the

amount of about $4,000; that he earns in the mines $200 or more per month; that a short time after said marriage, appellant obtained a loan from appellee in the sum of $400, which he, promised to repay out of his wages, but has failed and refused to pay any part of said money loaned to him. Appellee also represents by her bill that she is dependent upon the labor of her children for her support; that she has homestead and dower in real estate in Johnston City left by her former husband, of the value of about $1,500; that she is occupying this property as a homestead, the legal title of which is in her children. The bill prays for divorce, and that the appellant may be decreed to repay appellee such sum or sums of money as may be shown to be due from appellant as a loan to him. The bill further prays for suit money, solicitors' fees and permanent alimony. The appellant filed an answer denying the existence of the causes for divorce alleged in the bill, admits he owned a house and lot in Johnston City, an undivided one-half of which he conveyed to appellee before their separation, denies he earns $200 each month and denies that he borrowed $400 from appellee.

Trial by jury was waived and the chancellor heard the case upon the bill and answer, and on March 25, 1926, entered a decree which finds that the equities of the suit are with the appellee, dissolves the marriage, and decrees that the appellant pay the appellee the sum of $50 allowed by the court as expense money and the further sum of $135 as solicitors' fees and costs of suit. The decree also ordered the appellant within 30 days from the recording of the decree to execute and deliver to appellee, by good and sufficient warranty deed, all his right, title and interest in and to the real estate mentioned in the bill situated in Johnston City, and that if appellant failed, neglected or refused to execute said deed, within 30 days, that the master in chancery execute and deliver such deed.

Appellant applied for writ of error from the Supreme Court, and while that proceeding was pending in that court, the parties entered into a written stipulation which was filed in the circuit court of Williamson county. In the stipulation it was agreed that upon dismissal of the writ of error by the appellant, the case should be docketed for another trial in the circuit court; that all orders entered by the circuit court, in the case, should be set aside excepting the order, or so much thereof, which granted the divorce, and that "a trial may be had upon all questions arising and properly raised by the pleadings in said cause, and to the extent and as fully as though no hearing had been had thereon."

In February, 1928, the parties appeared again before the chancellor and both sides introduced evidence pertaining to the question of allowing alimony and determining their property rights. After the conclusion of the hearing the chancellor entered a decree reciting the provisions of the stipulation and that pursuant to said stipulation said cause was again before the court for the determination of the right of the appellee to alimony and property rights. This decree recited the reason the divorce had been theretofore granted. This latter decree also finds that appellant is indebted to appellee in the sum of $430 for money loaned, and the sum of $240 for rents from property owned by both the parties as tenants in common, which the appellant had collected and appropriated to his own use; that appellee is entitled to the sum of $500 as permanent alimony, which amount is made a lien on the real estate described in the bill, and is to be paid on or before April 1, 1928. Appellant is decreed to pay appellee the sum of $670 for money due her, and costs of suit, and that she have and recover of the appellant the further sum of $500 as alimony in a lump sum, which is ordered made a lien on said estate described in said bill. This decree is dated March 28, 1928.

Appellant relies upon the following alleged errors for a reversal of the decree entered by the trial court on March 28, 1928, namely:

1. The undisputed evidence discloses that appellee has sufficient property for her own needs, much more than appellant.

2. There are no special equities in the case to justify the awarding of alimony in gross.

3. There is in the bill of complaint no allegation and no prayer upon which to predicate the chancellor's finding and decree that there is due appellee as rentals the sum of $240.

The evidence shows that the real estate which is owned by the parties to the suit is worth about $1,500. The real estate in which the appellee has homestead and dower is also valued at about $1,500. She also owns two lots worth $100. The appellee has $2,000 in the bank drawing interest at four per cent, and which is her only source of income not earned by her labor. Appellant has no real estate except the premises owned by himself and the appellee, which he testified was worth about $200.

As near as the court can form an opinion from the testimony of the parties, both of whom are foreign born and not versed in the American language, the appellant is able to earn $7.50 a day as wages as a timberman in the coal mines. Owing to the lack of employment, due to a coal miner's strike, he works about one-half of the working days of the week and earns about $25 to $30 per week when employed. At the time of the separation of the parties, appellant was earning as much as $40 to $60 per week by working overtime, one-half of which, he testified, he paid to his wife. The appellee denied receiving one-half of his wages. As above indicated, it is not clear how much appellee was earning at the time the last decree was rendered. However, the same day the former decree was entered, or very shortly thereafter, appellant

remarried. In 1925 he bought a Buick automobile valued at $1,400 which he presented to his wife according to his own testimony. He has paid $700 to $800 on the purchase price of the automobile in three years. He has lived in the house owned by himself and the appellee since the separation to the time of the hearing upon the second decree, a period of four years, without accounting or paying to appellee any rent therefor.

We cannot say that the chancellor committed reversible error in decreeing that the appellant shall pay alimony in a lump sum rather than in instalments, nor do we feel that the chancellor has acted arbitrarily or unreasonably in allowing the sum of $500 as permanent alimony. Alimony is the allowance out of the estate of her husband which is made to a woman for her support when divorce is decreed and is based on the principle that the husband must furnish his wife a suitable support corresponding in degree with his pecuniary ability and social standing (*Herrick v. Herrick,* 319 Ill. 146). The allowance of alimony in gross is clearly within the scope of the court's authority and the amount to be allowed and whether in money or in property, real or personal, are matters largely within the discretion of the chancellor. (*Doyle v. Doyle,* 268 Ill. 96.) It has been held that under section 17 of the Divorce Act, Cahill's St. ch. 40, ¶ 18, the court has power to grant a sum in gross in satisfaction of alimony and a portion of the husband's real estate may be decreed to the wife. (*Bobowski v. Bobowski,* 242 Ill. 524, 525.) This disposes of the appellant's first two grounds urged for a reversal of the decree.

We think the third error assigned by the appellant is well taken. There is no allegation in the bill charging that the appellant occupied the premises owned by the parties without the payment of rent or that he collected the rents therefrom and appropriated the same to his own use. Relief in equity can be granted only in accordance with the allegations of the bill, sus-

tained by proof, and a decree cannot be rendered upon facts shown by the evidence which would warrant relief unless those facts are alleged in the bill. The court, in a divorce proceeding, under section 17 of the Divorce Act, Cahill's St. ch. 40, ¶ 18, may compel a conveyance, upon equitable terms, of property held by one party belonging to the other, but where no such relief is prayed for in the bill and no allegations in regard to the property are made in the bill the decree is not proper as it is not based on any allegations in the bill. *Lewis v. Lewis*, 316 Ill. 447; *Meyer v. Meyer*, 255 Ill. 436, 439.

Had the bill contained proper allegations of the collection of rents by the appellant, or his occupancy of the premises without the payment of rent, appellant would have had an opportunity to show the payment of taxes, expenditure of money to make repairs, if any sums were expended by him for such purposes. (*Soltysik v. Soltysik*, 317 Ill. 247.)

The decree of the circuit court is confirmed, except the part thereof which finds that there is due from appellant to the appellee the sum of $240 as rent for the real estate, owned by the parties and the order directing the appellant to pay said amount to appellee and making such amount a lien on said real estate. The case is therefore reversed, in part, and the cause remanded to the circuit court of Williamson county. If the facts are such that counsel shall advise an amendment to the bill, then leave may be taken. (*Roggenbuck v. Breuhaus*, 330 Ill. 294.) It is ordered that each party pay one-half of the costs of the appeal.

*Reversed in part and remanded.*