Charles Hancox, Plaintiff-Appellee, Counter-Defendant, Cross-Appellant, v. Christine Hancox, Defendant-Appellant, Counterclaimant, Cross-Appellee.

Gen. No. 49,398.

First District, First Division.
December 28, 1964.

Thaddeus B. Rowe, of Chicago, for appellant.

Samuel S. Cohon, of Chicago, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, Charles Hancox, commenced the instant action by filing his complaint for the annulment of his marriage to Christine Hancox. Defendant counterclaimed and was awarded a decree of divorce, alimony, attorney's fees, and one-half of their joint savings account. Defendant, Christine Hancox, appeals, contending that the alimony award is insufficient, and that the court failed and refused to adjust all property rights. While the cause was pending in this court, plaintiff, Charles Hancox, filed a motion in the nature of a plea of release of errors, and the motion was taken with the case.

The parties married on April 25, 1944, divorced on June 6, 1949, and remarried on October 20, 1951. In November 1961, Charles filed his 3-count annulment complaint, and also sought partition of their jointly held real estate, and an accounting and adjustment of property rights. Defendant, Christine, answered and counterclaimed for divorce and "permanent alimony or in lieu thereof the one-half interest in the property at 9304 South Union Avenue, Chicago, Illinois, standing in the name of the plaintiff, as her sole and separate property."

After a trial on the merits of Count 1 of the annulment complaint, Count 1 was dismissed for want of equity. The record shows no disposition of Count 2 for partition or Count 3 for the adjustment of property rights. After a trial on the merits of defendant's counterclaim, which included two days of testimony, a decree of divorce was awarded to Christine Hancox, the defendant and counter-plaintiff.

The decree for divorce, entered on July 1, 1963, found that the parties had been lawfully married to each other on October 20, 1951; that no children had been born to, or adopted by, the parties; that the counter-defendant and plaintiff, Charles Hancox, had

478

been guilty of extreme and repeated cruelty; that Charles Hancox earned $90 a week, and Christine, working three or four days, earned from $30 to $40 a week. Christine was awarded "the sum of $8 per week as and for permanent alimony until the further Order of this Court," and Charles was ordered to pay Christine's attorney the sum of $800 for services performed on her behalf in the prosecution of her counterclaim.

The decree further (1) ordered that their $4,301.36 joint savings account be divided equally between the parties; (2) denied the motion of Christine that she be awarded the one-half interest of Charles in 9304 South Union Avenue, and further stated that no order would be entered regarding this property or a Chevrolet automobile; and (3) awarded to Christine the furniture and furnishings of their home as her sole and separate property. The court further found "that there is no just reason to delay enforcement or appeal."

The record further contains an order entered by the trial court on July 3, 1963, which modified the decree by eliminating that part of the decree which disposed of the household furnishings to Christine, and ordered that "no determination of such furniture be made by the said decree." The order recites that the matter came on to be heard "upon motion of Charles Hancox, plaintiff and counter-defendant, and it appearing to the court that due notice has been had upon all parties in interest . . . ."

We consider first the motion of the counter-defendant, Charles Hancox, to dismiss the appeal, which was taken with this case. This motion is based on the rule, "a litigant cannot attack a decree whose benefits he has previously enjoyed, especially if to

do so would place the opposing party at a distinct disadvantage upon reversal of the decision." (Lemon v. Lemon, 14 Ill2d 15, 17, 150 NE2d 608 (1958).) It is argued that Christine "took one-half of the funds in the joint account at the First Federal Savings and Loan Association and accepted it knowing that it was a partial performance of the terms and provisions of the said decree. Also the attorney for the counter-plaintiff accepted $800 as provided in the decree as and for his attorney's fees for services rendered to the counterplaintiff, . . . ."

We do not believe this rule should be applied here. The record shows that the joint savings account represented their joint earnings, and the court directed that it be divided equally. The $800 attorney's fees ordered paid to Christine's attorney was for services rendered "in relation to the prosecution of her counterclaim for divorce," which was successful. The decree of divorce is not in dispute, as the cross-appellant, Charles Hancox, has abandoned his cross-appeal; and the attorney's fees are not in dispute. We, therefore, fail to see any possible "distinct disadvantage" to Charles by Christine taking her part of the joint savings account or by her attorney accepting the fees, especially in view of our final disposition of this appeal. The motion to dismiss the appeal is denied.

We consider next the contention of Christine that the permanent alimony award of $8 per week was insufficient. We find nothing in the record to show it was an abuse of discretion. Christine had an earning power of about $10 a day, and her weekly income depended on the number of days she worked. She received her share of the savings account, and she owned a one-half interest in the home. The record shows that before awarding alimony, the court

480

carefully reviewed the extensive testimony covering their respective financial statuses and earning powers. We find no error in the alimony award.

■ Neither do we find any merit in the contention of Christine that the trial court should have awarded her, as permanent alimony, the one-half interest of Charles in their home at 9304 South Union Avenue. Under section 17 of the Divorce Act (Ill Rev Stats 1963, c 40, ¶ 18), the court, in a divorce action, may compel the conveyance of property held by one party, which equitably belongs to the other, "upon such terms as it shall deem equitable." As said in Marcy v. Marcy, 400 Ill 152, 159, 79 NE2d 207 (1948):

> "In order to warrant the court to direct the conveyance of property belonging to one or the other there must be special circumstances and existing equities justifying the conveyance and such special circumstances and equities must be alleged in the complaint and established by the proof."

■ In the instant case, as we find no abuse of discretion in the permanent alimony award, and as the record shows that the real estate in question was purchased with their joint funds, we find no proof of "special circumstances" to support the contention of Christine that the one-half interest of Charles should be awarded to her, either on the "theory of special equity" or "as alimony in gross." We find no error here.

■ ■ Finally, we consider to be without merit the contention that "the court abused its discretion in not disposing of homestead and dower estates, and barring appellee [Charles] of dower, homestead and

other estate in the home-property." As to the awarding of homestead, the statute makes it a matter of discretion, "according to the equities of the case" (Ill Rev Stats 1963, c 52, § 5), and as to dower, section 21 of the Probate Act (Ill Rev Stats 1963, c 3, § 21), cited by Christine, provides for the right to elect to take dower by the spouse divorced without fault, in the real estate owned by the other spouse during the marriage. Therefore, the determination as to dower was not a proper area for the court when the decree was entered.

In concluding, we note that this was an extensively litigated case, both as to the divorce award and the financial problems of the parties. While it might have been expected that the trial court would have made some disposition of the property in joint tenancy, we find no error in not doing so in this case.

For the reasons given, we hold no abuse of discretion is shown here either as to the alimony award or in the failure of the court to settle the remaining property rights. Therefore, those parts of the decree appealed from are affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.