Mary Katherine Quagliano, Plaintiff-Counter-Defendant, Appellee, v. Francisco V. Quagliano, Defendant-Counter-Plaintiff, Appellant.

Gen. Nos. 67–40, 67–74. (Consolidated.)

Third District.

April 25, 1968.

William E. Steward, of Kewanee, for appellant.

D. J. McRae, of Kewanee, for appellee.

STOUDER, J.

In June, 1966, Plaintiff, Appellee, Mary Katherine Quagliano, brought this action in the Circuit Court of Henry County seeking a divorce on account of the physical cruelty of her husband, Francisco V. Quagliano, Defendant, Appellant. A temporary order granted custody of the minor children of the marriage to plaintiff and provided temporary support for plaintiff and the children. Defendant counterclaimed for divorce on the grounds of adultery. The issues were determined by the court without a jury and resulted in a decree finding that the allegations of neither the complaint nor counterclaim had been proved and both were dismissed. No appeal has been taken from the dismissal of the complaint but the defendant has appealed from the dismissal of his counterclaim.

The allegations of misconduct relied upon by appellant are contained in the following two paragraphs of his amended counterclaim. "5a. That during the years of 1960, 1961, 1962, and on or about March 1963, and at other times thereafter during the year 1963 at a trailer on Goodrich Street in Kewanee, Illinois, and at the premises known as 523 Tenney Street, Kewanee, Illinois, the latter premises being the home of the plaintiff and defendant, plaintiff in utter disregard and in violation of her marriage duties and obligations committed acts of adultery and had carnal knowledge with a certain male person, to-wit, Richard P. Anthony of Kewanee, Illinois, which acts of adultery were not known to the defendant until after the commencement of this action and which acts of adultery were not condoned by the defendant inasmuch as he had no knowledge of them at the time the defendant and the plaintiff were cohabiting as husband and wife. 6. That on or about the 31st day of May, 1966, at Kewanee, Illinois, and at a cabin at New Boston, Ill., and at various other times and places, since the said marriage, plaintiff in utter disregard and in violation of

her marriage duties and obligations committed adultery and had carnal knowledge with a certain male person to-wit: Oliver D. Johnson of Kewanee, Illinois, and that defendant is informed and believes that said plaintiff has at divers other times and places unknown to defendant committed adultery with divers other persons unknown." The appellee in her answer in response to Paragraph 5a. alleges "That any acts alleged in Paragraph 5a. were fully condoned by the defendant Francisco Quagliano, who on and subsequent to March of 1963 cohabitated in the same house with the plaintiff at 523 Tenney Street, Kewanee, Illinois, had customary marital relations with her and frequent sexual intercourse, resulting in her pregnancy in the summer of 1965, all of which course of conduct continued until the separation of parties about May 31, 1966, as mutually alleged by the parties." The allegations in paragraph 6 of the counterclaim were denied by appellee in her answer thereto.

Appellant argues first that no act of adultery by appellee was condoned, second that adultery with Johnson as alleged in paragraph 6 of the counterclaim was proved and third that the acts of adultery admitted in the pleadings, if condoned, were revived by later misconduct.

Condonation, in the law of divorce is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated and that the offender shall thereafter treat the forgiving party with conjugal kindness. Ollman v. Ollman, 396 Ill 176, 71 NE2d 50.

Paragraph 5a. of the counterclaim set forth above, was appellant's third effort to set forth charges based on infidelity with Anthony. By such third amendment appellant for the first time alleged that the infidelity of his wife as alleged was without his knowledge and it was by virtue of this allegation that the counterclaim was permitted to stand. Appellant contends that a spouse cannot condone misconduct of which such spouse is unaware. Such argument assumes as its major premise that

237

ignorance of any infidelity on the part of his wife is undisputed. Such assumption is not supported by the evidence.

According to appellant's own testimony on an occasion sometime prior to March, 1963 he "corrected" his wife by beating her on the legs with his belt because of her relationship with Anthony. In March, 1963, he came home and found Anthony at his home and on this occasion he beat Anthony with a board. On the latter occasion it does not appear that anything improper was going on or that Anthony's presence in the home was other than as a social guest. After the beating of Anthony, appellant left home for a few days but thereafter returned. The ensuing discussions between appellant and appellee concerning the incident satisfied appellant. Marital relations were resumed and according to appellant the parties were very happy until May, 1966. During such period appellee became pregnant although the pregnancy terminated in a miscarriage.

We believe the beating of appellee, the beating of Anthony, the subsequent separation and the resumption of the marital relation after discussions relating to the Anthony incident are indicative of appellant's belief in his wife's infidelity, and, judging from appellant's conduct, a rather strong belief. Such circumstances and conduct are incompatible with appellant's assertion of complete ignorance. The essence of condonation is the recognition that problems affecting the continuance of the marriage have arisen and notwithstanding the mistakes or misconduct which have occurred there is understanding and forgiveness sufficient to provide an appropriate basis for continuing the marriage. Condonation is not conditional upon the completeness of the disclosure made or the extent of knowledge possessed by the party alleged to be injured. If such were the case the beneficial results to the continuance of marriages deemed to derive from condonation would be frus-

238

trated since such condition could be said to exist in practically any case where the issue was raised. Rather we believe that where reconciliation has taken place based on the general or apparent belief in the infidelity of one or both of the partners to a marriage such reconciliation or condonation is completely effective. Moorhouse v. Moorhouse, 90 Ill App 401. The court did not err in concluding that the infidelity with Anthony as alleged was condoned.

██ With respect to appellant's argument that the evidence proves that his wife was guilty of adultery with Johnson as alleged in paragraph 6 of the counterclaim, we believe the trial court's determination to the contrary is amply supported by the evidence. Appellant concedes there is no direct evidence of such adultery but seeks to elevate meager circumstantial evidence to a position of conclusive presumption. Adultery need not be proved by direct evidence but may be proved by circumstances from which such fact may be inferred as a necessary conclusion. Carter v. Carter, 152 Ill 424, 28 NE 948. The principal circumstance relating to any inference of appellee's infidelity with Johnson is that his wife was in the company of Johnson from the early morning hours of Memorial Day, 1966, until about 11 o'clock the same night without the knowledge and consent of appellant. Appellee denied any misconduct with Johnson and the evidence offered in opposition to the circumstantial evidence is sufficient to support the court's conclusion that no adultery occurred.

██ During the pretrial activities which were extensive, appellant requested an admission of facts under then Rule 18 of the Supreme Court Rules. Such request for admission included the fact that appellee had sexual intercourse with Johnson during the Memorial Day weekend of 1966. No denial of such fact was filed within 10 days as required by the rule and appellant now claims as required by such rule such fact stands admitted and es-

239

tablishes the infidelity of appellee with Johnson as a matter of law. We do not agree with this contention. It is true that no response to the request for admissions of fact was filed within 10 days as required by rule. However it also appears from the record that interrogatories had been served upon appellee containing questions of similar import to which objections had been filed. The propriety of the objections to the interrogatories was not determined until after expiration of the period for responding to the request for admissions. Subsequently the objections to the interrrogatories were overruled and thereafter appellee filed objections to the request for admissions which objections were later withdrawn and a denial of the facts alleged in the request for admission of facts was filed. Appellee did not apply for or secure any extension of time in which to respond to the request for admission of facts and did not seek or secure leave of court to file such denial. Appellant did not seek to strike such denial. On November 2, 1966, approximately two weeks before the evidence was heard by the court on the issues raised by the complaint and counterclaim, a docket entry indicates the request for admissions of fact was dismissed after hearing held. Appellant argues that this order was entered on the court's own motion, was not pursuant to notice and no hearing was held. Much of appellant's argument is outside the record, is contradicted by the record and fails to show why he did not seek to reverse or correct the order if in fact the order was improper as he argues. However in our view of the case the propriety of the order is immaterial. One of the purposes of the pretrial discovery procedure is the ascertainment of facts by admission or statement of a party or witness thereby reducing the likelihood that such fact will be a disputed issue requiring resolution by the court. So far as the record is concerned, the facts with respect to which admission was sought stand denied. Under such circum-

stances the admission of facts procedure cannot and does not affect the propriety of the decree.

█ Appellant next argues that even though the adultery of appellee with Anthony before March, 1963, be deemed to have been condoned nevertheless the conduct of appellee with Johnson in May, 1966, is sufficient to revive the original charges. This argument might be answered by simply saying that this issue is not raised by the pleadings since paragraph 5a. of the counterclaim alleges only that the acts were not condoned. It appears from the counterclaim that appellant was relying on two independent grounds for the relief sought namely either adultery with Anthony or adultery with Johnson and as we have heretofore held in this opinion we approve the trial court's conclusion that any misconduct with Anthony was condoned and that with Johnson not proved. In view of the paramount interest of the state in matrimonial matters, issues not raised by the pleadings may be considered on review. Ollman v. Ollman, 396 Ill 176, 71 NE2d 50. However this rule has been applied in furtherance of the preservation of the marital relationship and no case has been called to our attention approving the consideration of grounds for divorce not urged in the pleadings.

█ █ Were the issues properly before us we believe nevertheless that a reversal of the decree is not required. It is true that the conditional bar of condonation may be removed where subsequent misconduct is shown even where such subsequent misconduct is insufficient to independently establish a grounds for divorce. Young v. Young, 323 Ill 608, 154 NE 405. However, such subsequent misconduct should be serious and substantial, otherwise the effects sought to be accomplished by the principles of condonation would be of little significance. We believe that the party seeking to remove the bar of condonation in order to revive antecedent misconduct must show that the subsequent misconduct was not provoked by

him. This we believe the evidence fails to show. In fact the evidence appears to be to the contrary. The incident with Johnson on Memorial Day appears to have been precipitated by a quarrel between the parties resulting in appellee running from the club followed by appellant yelling or shouting obscenities. Under such circumstances we do not believe that such conduct requires us as a matter of law to hold that a bar of condonation has been removed.

Appellant has argued at some length in his brief questions relating to the custody of the children of the marriage. Since we find no error in the trial court's order denying a divorce to appellant and since the order denying a divorce to appellee is final no questions relating to custody of the children are presented.

 The foregoing opinion relates to Appellate Court Case Number 67–40. After appellant had perfected his appeal from the order of the Circuit Court dismissing his counterclaim for divorce, appellee in the same proceedings in the trial court filed a petition requesting that appellant be ordered to pay reasonable attorney's fees for defending the appeal. The Circuit Court ordered the appellant to pay $1,000 for such attorney's fees and appellant has perfected a separate appeal from such order in Appellate Court Case Number 67–74, which cases have been consolidated for hearing and opinion.

The allowance of attorney's fees on appeals in divorce matters is governed by Ill Rev Stats 1965, c 40, § 16, which provides, ". . . In cases of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as such court should deem reasonable and proper . . . ." Although appellant concedes that the allowance of attorney's fees is discretionary with the court he insists that the trial court erred in

awarding such attorney's fees to appellee. We find appellant's arguments unconvincing.

Berg v. Berg, 85 Ill App2d 98, 229 NE2d 282, and Jones v. Jones, 48 Ill App2d 232, 198 NE2d 195, are not authority for the proposition that findings of fact relating to petitioner's financial inability to pay attorney's fees or the ability of the respondent to do so are required if an order allowing attorney's fees is to be deemed valid, rather these cases support the conclusion that hearings should be held if requested and that findings of fact may supply deficiencies which otherwise might exist.

In the instant case a full hearing was held on appellee's petition for allowance of attorney's fees. Evidence was heard on appellee's financial needs, appellant's ability to pay and the reasonableness of the attorney's fees. We find it unnecessary to discuss the evidence in detail and need only say it is conflicting, that conflicting inferences can be drawn from the evidence and that the decision of the court is amply supported by the evidence.

For the foregoing reasons the decrees of the Circuit Court of Henry County are affirmed.

Decrees affirmed.

ALLOY, P. J. and CULBERTSON, J., concur.