LINDA F. POPE, Plaintiff-Appellant, *v.* HENRY D. POPE, Defendant-Appellee.

(No. 55712; ■■■

First District (3rd Division)—June 7, 1973.

802

Muller Davis, of Davis, Jones & Baer, of Chicago, for appellant.

Jacob N. Gross, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

This is an appeal by the plaintiff, Linda Pope, from a decree of divorce entered upon the motion of the defendant, Henry Pope.

The Popes were married in March 1965 and lived together until March 1970. Two children were born of the marriage. Mrs. Pope sued for divorce and alleged that her husband was guilty of extreme and repeated cruelty. The defendant denied the charge. An uncontested hearing was held pursuant to stipulation on May 1, 1970, at which the plaintiff and her witnesses testified. At the conclusion of the testimony the court addressed the attorneys and stated: "All right. You gentlemen draw your decree and each of you approve it and come back before me." The decree, however, was not presented because on May 16th, at the plaintiff's initiative, the parties were reconciled.

The Popes then vacationed in Mexico, returning to Cook County in early June. They had decided to move to California, and in June they rented a house in San Diego into which they moved with their children. During the reconciliation the plaintiff became pregnant. After the parties had been living in San Diego for a short time, marital difficulties again arose. The plaintiff sought psychiatric care and her pregnancy was terminated by an abortion. Their relations continued to deteriorate and on August 2nd the defendant left the plaintiff. He paid the rent for the month and gave her a check for $500. He then went to Europe for three weeks.

On October 26, 1970, the defendant filed a motion for the entry of the divorce decree. His motion alleged that the plaintiff had fraudulently induced him to reconcile with her for the purpose of preventing the entry of the decree in May 1970. The plaintiff moved to dismiss the motion, filed an answer which denied the defendant's allegations, and sought permission to amend her pleadings and introduce evidence regarding the actions of the parties subsequent to May 1, 1970. The only testimony presented at the hearing was that of the plaintiff. She did

not testify in person but it was stipulated that if she were called to testify she would recount the events that had transpired since May 1st, the last time the parties were in court. This testimony, as related by her counsel, was to the effect that the reconciliation was sincere and genuine and that the subsequent separation was the fault of the defendant. The court granted the defendant's motion and on November 24, 1970, entered the decree which had been submitted by his attorney. The court approved, as part of the decree, a property settlement which had been agreed to by the parties on March 9, 1970, in contemplation of their divorce.

The settlement provided for alimony of $150 per month, $450 per month child support and the payment of $2,500 to the plaintiff's attorney. The defendant agreed to establish an insurance trust for the benefit of the plaintiff and the children; he promised to pay to the plaintiff one half of the equity in their home in Northbrook, Illinois, and to deliver to her the personal property in the residence. In June 1970 the defendant paid the plaintiff's attorney $2000. The cost of moving the personal property from Northbrook to San Diego was paid in July. The insurance trust was established and the plaintiff's share of the equity of the Northbrook property amounting to $15,324.10 was segregated. After the November decree, the plaintiff accepted $600 monthly from the defendant.

The first problem confronting us is the defendant's motion to dismiss the appeal on the ground that the plaintiff's acceptance of decretal benefits precludes her from attacking the decree.

■■ Generally, a litigant who has enjoyed the benefits of a decree cannot attack it, especially if the reversal of the decree would place the opposing party at a distinct disadvantage. (*Hancox v. Hancox* (1964), 54 Ill.App.2d 476, 203 N.E.2d 613). We do not think the rule applies in the present case. When the defendant paid the fee to the plaintiff's attorney, the Popes were reconciled and there was no intention to enter the decree. The situation is markedly different from that in *Boylan v. Boylan* (1932), 349 Ill. 471, 182 N.E. 614, where the wife herself accepted the fee for her attorney after the decree was entered. Indeed, the acceptance by the plaintiff's attorney of a fee lower than that originally agreed upon suggests that he considered himself relieved of the duty of preparing and entering a decree. Also, the payment for the transportation of the household goods of the parties from their home in Northbrook to San Diego was made while they were still living together in San Diego. The fact that the plaintiff and her children continued to use these items after the date of the decree does not bar her right to appeal nor does her acceptance of the alimony and support

payments. (*Lemon v. Lemon* (1958), 14 Ill.2d 15, 150 N.E.2d 608). The plaintiff produced evidence of the expense necessarily incurred in maintaining the standard of living which she and the children were accustomed to after moving to San Diego. There was no evidence that she was a woman of means or that she had independent sources of income. Retention of money essential for her and her children's existence from the person whose responsibility it was to support them, does not bar her appeal. In any case we fail to perceive how the plaintiff's actions might place the defendant in a disadvantageous position in the event of a reversal. She refused to accept her share of the real estate and did not exercise any dominion over the insurance trust. The defendant's motion to dismiss the appeal is denied.

■■ The plaintiff contends that the delayed decree should not have been entered because the reconciliation with her husband condoned the grounds for divorce upon which the decree was based. The defendant argues, on the other hand, that the doctrine of condonation does not extend to grounds for divorce after a trial has been had on the issues raised in the complaint and answer. Following the May 1st hearing all that was necessary to give Mrs. Pope the divorce she sought was for an agreed decree to be prepared and submitted to the trial judge for his approval. However, until this was done the judge's oral announcement of his decision and his reasons therefor had no effect. (*McKeon v. McKeon* (1955), 4 Ill.App.2d 515, 124 N.E.2d 564.) Ill. Rev. Stat. 1969, ch. 110A, par. 272, provides: "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, * * * the judgment becomes final only when the signed judgment is filed." Thus, the matter remained under the control of the judge until the decree was entered. *Richmond v. Richmond* (1945), 326 Ill.App.234, 61 N.E.2d 573.

When confronted with a procedural situation similar to the present one this court permitted a plaintiff, whose ground of divorce was established, to present a new defense to avoid the entry of the decree. (*Norwood v. Norwood* (1948), 333 Ill.App.469, 77 N.E.2d 552.) In *Norwood* the wife sued for divorce because of her husband's habitual drunkenness, and upon a default hearing the court indicated that she would be granted a decree. However, the decree was not presented and after a few weeks had passed counsel acting for her husband, who had been declared mentally incompetent, filed a petition requesting entry of the decree. The plaintiff resisted this effort contending that she did not know of her husband's mental illness at the time of the trial and under the circumstances she did not want the divorce. Nevertheless, the trial court entered the decree. On appeal the decision was reversed. It was

held that the announcement that a decree would be granted did not constitute a final judgment, and that the plaintiff should not be compelled to submit to a divorce against her wishes.

■■ It is the practice in Illinois for the party who obtains the decree to prepare it and submit it to the trial judge. (*McKeon v. McKeon.*) Mrs. Pope chose not to do so, and her husband, in exercising her prerogative, made himself the moving party in order to obtain a divorce she did not want. He submitted a decree which, contrary to the court's instructions, had not been approved by both attorneys. In resisting this effort Mrs. Pope should not be estopped from interposing the factor of condonation, although it is normally an affirmative defense raised by a defendant. *Cf. Kovack v. Kovack* (1971), 131 Ill.App.2d 382, 268 N.E. 2d 258.

■■ Condonation in the law of divorce is the forgiveness of an antecedent matrimonial offense on the condition that it not be repeated and that the forgiving party shall thereafter be treated with conjugal kindness by the offender. (*Kovack v. Kovack; Ollman v. Ollman* (1947), 396 Ill. 176, 71 N.E.2d 50.) At the hearing on May 1, 1970, the plaintiff established grounds for divorce; however, she forgave her husband· his matrimonial misdeeds and, at her suggestion, they became reconciled. During the reconciliation they cohabited, took a vacation together, and established a new home for themselves and their children. The defendant alleged in his motion for entry of the decree that the reconciliation had been made in bad faith but at the hearing on the motion he offered no evidence to substantiate this charge.

■■ The essence of condonation is the recognition that problems affecting the continuity of the marriage have arisen and, notwithstanding prior mistakes or misconduct, there is the understanding and forgiveness to create an appropriate basis for continuing the marriage. (*Quagliano v. Quagliano* (1968), 94 Ill.App.2d 233, 236 N.E.2d 748.) The evidence of the plaintiff's efforts in effecting the reconciliation and in resuming her life with the defendant shows the forgiveness necessary to constitute condonation of her grounds for divorce. That the reconciliation did not prove permanent does not establish the contrary. The trial court therefore erred in granting the defendant's motion and entering the decree of divorce.

The judgment is reversed.

Reversed.

McNAMARA and McGLOON, JJ., concur.