VINCENT B. CASTRONOVO, JR., Plaintiff-Appellee, *v.* LaVERNE
CASTRONOVO, Defendant-Appellant.

Second District   No. 76-213

Opinion filed June 30, 1977.

Berry & Berry, of Rockford, for appellant.

Martenson & Donohue, of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from a decree of October 20, 1975, granting plaintiff, Vincent B. Castronovo, a divorce, and a decree of December 26, 1975, determining property rights. The issues presented for review are (1) whether it was error to grant a judgment *n.o.v.*, (2) whether the trial court erroneously construed section 8a of the Divorce Act, (3) whether the appeal was timely filed, and (4) whether the case is moot.

The jury in the trial court has been unable to reach a verdict and was discharged. Following their discharge, the trial court construed section 8a of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 9a) to require that a

defendant asserting provocation as a defense must raise that issue in the pleadings or be barred from using it at all. Because the defendant in the instant case did not plead provocation, the trial court excluded from its consideration defendant's testimony in regard thereto and granted plaintiff's motion for judgment *n.o.v.*

Because the granting of the judgment *n.o.v.* and the construction of section 8a are interrelated, we will consider them together. Defendant urges that section 8a of the Divorce Act should be construed to require the plaintiff to allege and prove lack of provocation if the action is grounded on mental cruelty. Defendant urges that the granting of the judgment *n.o.v.* was based upon both the rejection of this interpretation of section 8a, and on the subsequent refusal of the trial court to consider her testimony showing provocation.

■■  We agree with the defendant on both points. Defendant's construction of section 8a has already been expressed by this court. (*Shumak v. Shumak* (1975), 30 Ill. App. 3d 188; *Gregory v. Gregory* (1974), 24 Ill. App. 3d 436.) Further, the case relied on by the trial court in its construction of section 8a, *Del Rosario v. Del Rosario* (1970), 133 Ill. App. 2d 8, has been rejected by this court and has not been followed in the first district. (See *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1.) Therefore, we find that the trial court erred in its construction of section 8a by disregarding defendant's provocation testimony. Furthermore, the erroneous construction of section 8a of the Divorce Act noted above was essential to the trial court's granting the judgment *n.o.v.* and, therefore, the decree based thereon is erroneous.

■■  Plaintiff urges that this appeal was not timely filed. Although the decree granting the divorce was filed October 20, 1975, the record shows also that the court's jurisdiction was continued to make disposition of property rights, and the order deciding this part of the case and providing for alimony was entered on December 26, 1975; the notice of appeal was filed on January 20, 1976, well within the 30 days required by Supreme Court Rule 303(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a)). We therefore find that the appeal was timely.

Plaintiff also argues that the general rule is that whenever a party to a decree accepts the benefit of it, such acceptance constitutes a release of any error in the decree. Plaintiff then reasons that this case is moot because the defendant has accepted the benefits of the supplemental decree in the form of property rights and alimony.

■■ ■  We disagree. If the opposing party is placed in a distinctly disadvantageous position, there will be a release of error. The record reveals that the only matter here which could be a significant change from the predivorce status is the payment of alimony. We do not view such payment as necessarily placing plaintiff in a distinctly disadvantageous

position, in light of *Lemon v. Lemon* (1958), 14 Ill. 2d 15, where payment of alimony and child support were viewed as not causing a significant change in position, and the appeal was therefore not barred. (See also *Pope v. Pope* (1973), 12 Ill. App. 3d 800.) Applying *Lemon* to these facts, we do not find that there was a release of error or that the case is moot.

In accordance with the views expressed above, we reverse the decision of the trial court and remand for a new trial.

Reversed and remanded.

GUILD and NASH, JJ., concur.