JOAN M. DICKSON, Plaintiff-Appellant, *v.* WILLIAM E. DICKSON, Defendant-Appellee.

Second District   No. 77-341

Opinion filed March 29, 1978.

William J. Foote and Michael Hanson, both of Dreyer, Foote & Streit, of Aurora, for appellant.

David P. Peskind and Paul Greviskes, both of Tyler, Peskind & Solomon, of Aurora, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
On April 5, 1974, Joan M. Dickson was granted a decree of divorce, incorporating the terms of a written property settlement agreement. William E. Dickson filed a petition to modify the decree on August 27, 1976, and, after an informal hearing with counsel in chambers, Judge Joseph M. McCarthy modified the decree by reducing the alimony from $400 to $100 per month and the child support from $800 to $400 per month. Joan Dickson subsequently filed a motion praying that the court modify its order changing alimony and support payments, or in the alternative, that the court grant a new hearing. This motion was grounded in part upon an allegation that counsel for William Dickson misrepresented William Dickson's prior income at the hearing in chambers, of which proceeding no transcript was made. When this motion came before the court, Judge McCarthy entered an order finding that "certain relevant matters inadvertently were not presented and entertained" at the hearing in chambers. He recused himself, in view of his knowledge of the facts in the case, but ordered the matter set for a rehearing before a different judge, with the order modifying alimony and support payments to remain in force until that hearing. When the matter came before Judge Marvin M. Dunn, for rehearing, both Joan and William Dickson testified regarding their respective incomes, assets and debts. At the conclusion of the hearing, Judge Dunn stated that had Judge McCarthy vacated his order modifying alimony and child support, "I feel I would be guided differently than what I am guided here." Judge Dunn noted that he felt

"pretty well bound" or "influenced" by Judge McCarthy's order, but that "whether I'd have done the same thing or not if I originally heard it is not of major concern to me." Judge Dunn ruled that he had not heard any evidence which would "lead the court to alter Judge McCarthy's order," and entered an order "confirming" Judge McCarthy's order reducing alimony and child support. It is from these two orders, entered by Judges McCarthy and Dunn, that Joan Dickson appeals, arguing that (1) Judge Dunn erred in failing to treat the rehearing as a trial de novo, thus effectively denying her the right to an evidentiary hearing on the merits and (2) that the reduction of alimony and child support, ordered by the trial court, was against the manifest weight of the evidence, and constituted an abuse of discretion. We reverse and remand for further proceedings.

■■■ It is clear that if Judge McCarthy's order was erroneous, Judge Dunn was not only empowered to correct it, but was under an obligation to do so. (See *Banks v. United Insurance Company of America* (1975), 28 Ill. App. 3d 60, 63.) It is equally clear that Joan Dickson had a right to a meaningful hearing, prior to the entry of an order granting William Dickson the relief which he requested in his petition. (See *Regan v. Regan* (1962), 38 Ill. App. 2d 383.) While we in no way disapprove of the initial informal proceeding before Judge McCarthy, it cannot be regarded as a meaningful hearing on the issue, since the court concededly failed to consider "certain relevant matters." The hearing before Judge Dunn was rendered less than meaningful by his evident conception that he was limited in the exercise of his own sound judgment by the presumptive validity of Judge McCarthy's order. Thus, the first hearing was before a judge who felt free to exercise his own judgment, but was denied certain of the relevant facts, while the second hearing was before a judge who heard all the facts, but did not feel free to make an independent determination regarding them. The effect of these procedures was therefore less than the sum of their parts, and the failure to afford Joan Dickson the coincidence of a hearing free from inadvertent misrepresentations or factual admissions, and a judge free to exercise his own best judgment regarding the evidence, would by itself require our reversal of the orders appealed from, and remandment of the cause.

Further, our review of the transcript of the evidentiary hearing before Judge Dunn convinces us that, although some reduction of alimony and child support payments under the decree and property settlement would have been justified, the record will not support the reductions which were ordered by Judge McCarthy and affirmed by Judge Dunn. It is well established that alterations in the allowance of alimony or child support may be made only when the conditions and circumstances of the parties have materially changed since the entry of the original decree. (*Goldberg*

*v. Goldberg* (1976), 36 Ill. App. 3d 778; *Green v. Green* (1967), 86 Ill. App. 2d 362.) Here, the decree required William Dickson to pay $400 per month as alimony and $800 each month as child support. The order modifying the decree reduced these payments to $100 per month for alimony and $400 per month as child support, yet there had been no comparable change in the circumstances of the parties, between the date of the entry of the decree and the entry of Judges McCarthy and Dunn's orders.

No purpose would be served by setting out the testimony regarding the economic status of the parties during the period in question; a few saliant facts will serve. William Dickson testified that at the time of the entry of the decree his monthly net income from his position as superintendent of schools in Batavia, was $1,441.58; in addition, he earned an extra $735 in 1974 by officiating at sports events. William Dickson's net monthly income from his regular employment was $1,398.58 at the time of the hearing before Judge Dunn, and his income from officiating had declined to approximately $300 per annum. Joan Dickson placed her income for 1974 at $7,347.87, while her income at the time of the hearing was approximately $9,300 per year. However, it appears that there had been a corresponding increase in her family and household expenses. William Dickson's expenses as of the date of the decree do not appear. He remarried shortly after the entry of the decree and such evidence of his current expenses, as was presented, was intertwined with expenses attributable to his new wife and her children. Thus, although the trial court reduced alimony by 75% and child support by more than 50%, the record shows that there was, at most, a very modest change in the economic circumstances of the parties between the date of the entry of the decree and the dates of the hearings before Judges McCarthy and Dunn.

■■ ■ In support of a reduction of the alimony and child support payments, it can be inferred that the decree and property settlement were based, in part, upon a salary increase which William Dickson was to receive, as superintendent of schools in Batavia, during the school year following the entry of the decree. He, in fact, lost the position and therefore never received the anticipated increase. Further, there is questionable merit in requiring a man who has a regular monthly income of $1,398.58 and not inconsiderable expenses to pay $1200 per month as alimony and child support—a fact tacitly conceded by Joan Dickson when she sought a new hearing, or alternatively, a modification requiring payments of $800 per month as alimony and child support. We do not believe that it is necessary to demonstrate a precise ratio or mathematical relationship between changes in the economic circumstances of the parties and the relief provided through an order modifying

a decree of divorce, to sustain the validity of such an order on appeal. However, the modification of the decree in the instant case does not appear to be borne out by the record.

Therefore, the order of January 13, 1977, entered *nunc pro tunc* to October 1, 1976, and the order of March 9, 1977, are reversed, and the cause remanded for further proceedings not inconsistent with this opinion and before a judge other than Judge McCarthy or Judge Dunn.

Reversed and remanded.

GUILD and NASH, JJ., concur.