VIRGINETTA SMITH, Plaintiff-Appellant, v. MARCELLUS SMITH, Defendant-Appellee.

First District (2nd Division)   No. 78-589

Opinion filed June 26, 1979.—Rehearing denied July 31, 1979.

Lafontant, Wilkins & Fisher, of Chicago (Douglas Polsky, of counsel), for appellant.

Ernest K. Koehler, of Chicago, for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Verginetta Smith[1] (hereinafter "Verginetta") appeals from a judgment of divorce entered December 28, 1977, in an action commenced by her on April 9, 1968, based upon a direction by the trial court in 1972 for the parties to draw up a decree for entry; it was entered notwithstanding a complaint by Verginetta for separate maintenance that was filed on September 21, 1977. For the reasons stated below, we affirm in part and reverse in part.

The 1968 complaint filed by Verginetta sought separate maintenance or divorce. On April 25 of that year her husband, Marcellus Smith (hereinafter "Marcellus"), filed an answer opposing both alternatives. On September 30, 1969, after interim orders had been entered, the action was placed on the dormant calendar by agreement, but was removed therefrom on October 27, 1970, on Verginetta's petition. On February 29, 1972, the court ordered the parties to draft a decree of divorce for entry.

The events between February 29, 1972, and September 21, 1977, are described only in pleadings and arguments of the parties.

The 1977 complaint for separate maintenance filed by Verginetta bears a docket number distinct from that of her 1968 complaint and makes no reference to that prior action. Marcellus filed a petition for entry of a divorce judgment on October 25, 1977. That petition essentially alleged that a judgment for divorce was awarded to Verginetta on February 29, 1972; the judgment had never been presented for entry

---

[1] Although plaintiff's first name is spelled "Virginetta" on various documents in the record, her signature on a petition to substitute attorneys filed on October 22, 1970, indicates that she spells it "Verginetta." Accordingly, it is hereafter spelled "Verginetta."

although duly approved by the parties; the parties had been living apart since 1967; and Marcellus had faithfully complied with all of the provisions of that judgment. In her answer, Verginetta agreed that the proceedings of February 29, 1972, had ended with the court directing her attorney to prepare a decree, and alleged that a copy of the judgment was submitted to counsel for Marcellus on August 2, 1972; on October 23, 1973, return of that judgment with corrections as appropriate was requested; but the judgment was not returned until April 14, 1975, at which time the trial judge indicated his desire that the parties indicate present consent to entry of the judgment. It also alleged, among other things, that Marcellus had not complied with certain terms of that judgment; and that Marcellus was estopped by reason of laches to "deprive the Court of jurisdiction over the legal separation presently pending." The reply filed by Marcellus alleged, for the most part, that he had complied with that judgment, explaining each of the allegations of noncompliance made in Verginetta's answer; and concluded that she had received all benefits stated in the judgment.

On November 29, 1977, an order was entered providing that, upon payment of costs by plaintiff, Verginetta, the "complaint herein" would be dismissed with prejudice pursuant to plaintiff's motion. On December 13, 1977, an order was entered vacating the November 29 order and on December 28, 1977, a judgment for divorce was entered. It is from this judgment that Verginetta appeals.

The propriety of the judgment of divorce is questioned by Verginetta on three grounds: (1) whether it was an abuse of discretion for the circuit court to enter such a judgment without conducting a new hearing; (2) whether that judgment was erroneous because it was not in conformity with statutes in effect at the time of its entry; and (3) whether it was an abuse of discretion not to permit her to withdraw her divorce action. Marcellus urges that entry of the judgment of divorce was proper and that in any event Verginetta is estopped from attacking that judgment because she received benefits under it.

■■ The latter issue poses a threshold question since a party may not attack a divorce decree under which he or she has received benefits. (*Hancox v. Hancox* (1964), 54 Ill. App. 2d 476, 203 N.E.2d 613.) That principle is inapplicable in the present case because during the period in which Marcellus claims Verginetta received benefits no decree was in force, the judgment having been entered December 28, 1977. (Ill. Rev. Stat. 1975, ch. 110A, par. 272; *Green v. Green* (1974), 21 Ill. App. 3d 396, 402, 315 N.E.2d 324; *Pope v. Pope* (1973), 12 Ill. App. 3d 800, 804, 299 N.E.2d 161.) Verginetta was not estopped from attacking entry of the judgment of divorce on December 28, 1977, therefore, because whatever benefits she may have received were not due to any viable judgment.

■■ As to the contention that she should have been permitted to withdraw the divorce action, Verginetta argues, first, that it was error for the circuit court to vacate its order of December 13 conditionally dismissing the divorce action and, second, that the failure to permit withdrawal was itself error; however, the practice of allowing a plaintiff to substitute an action for separate maintenance after trial of a divorce action has ended but before entry of judgment has been discouraged. (*Buehler v. Buehler* (1940), 373 Ill. 626, 27 N.E.2d 466; *Soltysik v. Soltysik* (1925), 317 Ill. 247, 148 N.E. 40.) Furthermore, no grounds for dismissal were presented, no affidavits were filed, and the complaint for separate maintenance alleged that the couple had been living apart since 1964. Refusal to permit withdrawal where the plaintiff fails to fully comply with section 52 of the Civil Practice Act governing motions to withdraw an action (Ill. Rev. Stat. 1977, ch. 110, par. 52) was within the circuit court's discretion. *Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633.

■■ Entry of judgment on the divorce action based on a hearing completed approximately six years earlier presents a more serious problem. That judgment included provisions for alimony and child support. Under the former statute governing such matters (Ill. Rev. Stat. 1975, ch. 40, par. 19), those provisions could be entered when, from the circumstances of the parties and the nature of the case, they are fit, reasonable and just. Modification of such provisions is possible only upon a showing of a change in circumstances of the parties since entry of the divorce decree. (*Dickson v. Dickson* (1978), 58 Ill. App. 3d 828, 374 N.E.2d 1024.) The same is true under the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101 through 802). (See *Gauger v. Gauger* (1979), 70 Ill. App. 3d 378, 388 N.E.2d 123.) A judgment which may not reflect the circumstances of the parties at the time of its entry would not only be unreasonable as of the date of its entry, but also would be immune from modification, absent a change in the circumstances of the parties from those existing but not taken into account at the time of entry of the decree. Because in the present case the judgment was entered nearly six years after the last hearing on the circumstances of the parties, and over objections of Verginetta that circumstances had changed, entry of that judgment was error.

■■ A new hearing on this issue must be held so that the current circumstances of the parties will be reflected. Upon such a rehearing the question raised in this court regarding the applicability of the new act will no doubt again arise. We note the Illinois Supreme Court has recently held that the mere passage of time will not render the new act applicable to a judgment entered after its October 1, 1977, effective date pursuant to an order announced prior to that effective date (*West v. West* (1979), 76 Ill. 2d 226, 390 N.E.2d 880). In the present case, however, more than mere

passage of time is involved. A conditional order dismissing the divorce action was entered on November 29, 1977, and was vacated December 13, 1977, all after the new act became effective. Subsequently a judgment of divorce was entered without a new hearing, and by our action that judgment, other than the portion decreeing the divorce, is to be reversed and the cause remanded for a new hearing to determine the circumstances of the parties and to frame a judgment which reflects current circumstances regarding the necessity of alimony and child support. Any order relating to alimony and child support would no longer have been entered pursuant to an order made prior to the effective date of the new act. Under section 801 of the 1977 Act, the issues of alimony and child support would be "issues on which a judgment has been entered" for the purpose of application of the new act. Ill. Rev. Stat. 1977, ch. 40, par. 801.

For the foregoing reasons, the decree of divorce is affirmed and all other portions of the decree are reversed and the cause remanded for a new hearing.

. Affirmed in part, reversed in part and remanded.

STAMOS, P. J., and PERLIN, J., concur.