THE PEOPLE *ex rel.* EDITH BELISLE, Plaintiff-Appellant, *v.* HUGH McFIELD, Defendant-Appellee.

First District (1st Division)    No. 80-873

Opinion filed April 20, 1981.

Richard M. Daley, State's Attorney, of Chicago (Mark V. Chester and Nancy K. Donnellan, Assistant State's Attorneys, of counsel), for appellant.

Louis S. Elovitz, of Rotman, Medansky & Elovitz, Ltd., of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Following a jury trial the defendant was found to be the father of Kirk McField. The trial court, however, entered a judgment *n.o.v.* for defendant finding that the statute of limitations for bringing the paternity action had previously expired. Plaintiff appeals contending that the trial court's ruling on the issue of the statute of limitations was improper.

On November 2, 1977, plaintiff filed complaints against defendant alleging that defendant was the father of the complainant's two illegitimate sons, Hugh, Jr., and Kirk, born in January 1961 and June 1962, respectively, in British Honduras (now Belize). The complaints further alleged that defendant had acknowledged his paternity; that he had lived with complainant from 1969-1976; and that he had contributed to the children's support until October 1976 when he stopped residing with the children and complainant.

An evidentiary hearing was then conducted before Judge Burks in January 1978 to ascertain whether the paternity actions were barred by the statute of limitations. (*Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447.) At the evidentiary hearing complainant testified that her older son, Hugh, was born in January 1961 in British Honduras. Defendant provided support by driving a taxi. In late October 1961 defendant

went to the United States; in June 1962 their second son, Kirk, was born. From the time he emigrated defendant sent money to her for the children's benefit. In 1968 defendant took Hugh and his sister Pamela to Chicago and continued to send her money for Kirk. In 1969 complainant and Kirk joined defendant. They purchased a house where they lived until 1976 when complainant left, apparently because defendant was planning to wed another woman. She claimed that defendant never denied being the father of either boy.

Kirk McField testified that he came to Chicago when he was 7 years old and resided with defendant, who told Kirk to call him "dad" and provided support for him. Hugh McField's testimony was in accord with his brother's testimony.

Defendant's former neighbors testified that defendant treated the youths as his children, and one indicated that defendant had affirmed to him that he was the father of the two boys. Defendant did not testify at the hearing.

From the evidence presented Judge Burks concluded that defendant was equitably estopped in both cases to assert the defense of the statute of limitations since he had supported the children and held them out as his children. (*Cessna v. Montgomery.*) The matter then proceeded through discovery.

In May 1979 a bench trial was conducted to ascertain defendant's paternity of Hugh, Jr. Defendant was found to be his father.

In November 1979 a jury trial was conducted before Judge Rosenberg on the question of defendant's paternity of Kirk. The evidence introduced was, in part, similar to evidence presented at the hearing on the question of the statute of limitations, but the thrust of the evidence was not directed at that issue, and defendant's neighbors were not called as witnesses. Defendant testified and admitted that he was the father of Hugh, but denied paternity of Kirk. The jury verdict was for plaintiff.

However, Judge Rosenberg thereafter vacated the jury's verdict on defendant's post-trial motion and entered judgment for defendant on the basis that Judge Burks' ruling on the question of the statute of limitations was erroneous and therefore plaintiff's action was barred. In his written order Judge Rosenberg concluded that the paternity statute of limitations had run (now Ill. Rev. Stat. 1979, ch. 40, par. 1354) prior to commencement of the paternity action.

The plaintiff initially asserts that the question of estoppel concerning the statute of limitations was fully litigated before Judge Burks at an evidentiary hearing. Thus the plaintiff concludes that Judge Rosenberg was not empowered to reconsider the question at the conclusion of the jury trial 18 months later.

Defendant, however, maintains that Judge Rosenberg acted properly

since Judge Burks' decision was clearly erroneous, thereby requiring the earlier determination to be set aside. The decisions which defendant relies upon to support his position are not applicable to this case. In *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 368 N.E.2d 167, the appellate court concluded that it would have been proper for the trial judge to require an answer to a request to admit facts which had been erroneously denied by the ruling of a prior judge. In *Scardina v. Colletti* (1965), 63 Ill. App. 2d 481, 211 N.E.2d 762, plaintiff's motion to amend the complaint to aver another theory of liability against one defendant was denied both by a motion judge before trial and during trial before a different judge. This court held that such action was improper. Finally, in *Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, 199 N.E.2d 652, the trial judge vacated the order of a prior trial judge granting a new trial on the claim of newly discovered evidence when presentation of such evidence was not forthcoming.

Nor is this a case where Judge Burks was denied a meaningful opportunity to consider all relevant rulings in making his determination. (Compare *Dickson v. Dickson* (1978), 58 Ill. App. 3d 828, 374 N.E.2d 1024.) In this case Judge Burks was fully apprised of the evidence relevant to the issue of the statute of limitations which was not significantly different from any evidentiary matter presented to Judge Rosenberg.

This case is comparable to *Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 384 N.E.2d 316. There our supreme court held that a prior factual determination by one trial judge certifying a class in class action litigation could not subsequently be set aside by another trial judge when there had been no clear intervening change in circumstances. We believe that *Barliant* should be applied to this case since it cannot be demonstrated that any significant different facts were presented to question the prior factual determination on the limitations issue. Rather it appears that more testimony was presented before Judge Burks concerning defendant's conduct toward his children from the period of 1969-1976.

Accordingly, the judgment of the circuit court granting defendant a judgment *n.o.v.* is reversed. The cause is remanded to the circuit court with directions to enter judgment on the jury's verdict.

Reversed and remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.